FILED

**NOT FOR PUBLICATION**

FEB 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASSAN H HASHEMI, | No. 16-56000 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-01184-JAK-CW |
| v. | |
| RAMAN UNNIKRISHNAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 8, 2018[**]
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,[***] District
Judge.

Hassan H. Hashemi, a tenured professor in the College of Engineering and

Computer Science ("ECS") at California State University, Fullerton ("CSUF"),

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

appeals the district court's dismissal of his complaint asserting claims for First Amendment retaliation and intentional infliction of emotional distress, as well as its denial of his motion for leave to amend. "This [c]ourt reviews de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." O'Brien v. Welty, 818 F.3d 920, 929 (9th Cir. 2016). A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "We review a district court's denial of leave to amend for abuse of discretion." Walker v. Beard, 789 F.3d 1125, 1131 (9th Cir. 2015). Dismissal without leave to amend is proper if "it is clear, upon de novo review, that the complaint could not be saved by any amendment." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (internal quotation marks omitted).

1. The district court did not err in ruling that Plaintiff failed to state a claim for retaliation under the First Amendment. "In evaluating the First Amendment rights of a public employee, the threshold inquiry is whether the statements at issue substantially address a matter of public concern." Roe v. City of San Francisco, 109 F.3d 578, 584 (9th Cir. 1997). Plaintiff's memorandum urging the faculty to compare Dean Unnikrishnan's "megalomanic statements" to "humble statements"

2

made by other deans is "speech that deals with individual personnel disputes and grievances and . . . would be of no relevance to the public's evaluation of the performance of governmental agencies." Desrochers v. City of San Bernardino, 572 F.3d 703, 710 (9th Cir. 2009) (internal quotation marks omitted). The crux of the memorandum is Plaintiff's grievance with the Dean. In context, the mere mention of why student enrollment increased, as part of Hashemi's personal critique of the Dean's competence or behavior, does not alter the main message of the memorandum, which was to disparage the Dean in the eyes of his colleagues. Thus, the memorandum is not a matter of public concern and is not constitutionally protected. See Connick v. Myers, 461 U.S. 138, 148-49 (1983).

2. The district court also correctly dismissed Hashemi's claim for intentional infliction of emotional distress. Defendants' conduct of placing reprimands and a negative evaluation in Plaintiff's personnel file is not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (internal quotation marks omitted).

3. Finally, the district court did not abuse its discretion in denying Plaintiff leave to amend. Taken as true, Dean Unnikrishnan's past "megalomanic statements" that Plaintiff seeks to add do not change the conclusion that the content

3

of the memorandum concerns an internal grievance and does not substantially involve matters of public concern. Thus, amendment would be futile. See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004). Leave to amend the claim for intentional infliction of emotional distress, to add allegations of defamation, would also be futile and was therefore properly denied. See Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1191 (C.D. Cal. 2002).

**AFFIRMED.**